# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TRINIKA LATRELL BEAMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | CV425-253 |
| ) | |
| WENDY JACKSON, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Trinika Latrell Beamon, represented by counsel, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the Middle District of Georgia. Doc. 1. Because she was convicted in Chatham County, Georgia, the United States District Court for the Middle District of Georgia transferred the case to this Court. *See* doc. 4. The Court, therefore, proceeds to screen her Petition. Preliminary review shows that the Petition should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Beamon's Petition states that she was convicted in the Superior Court of Chatham County in 2017 of felony murder, among other charges. *See* doc. 1 at 1. Her conviction was affirmed by the Supreme Court of Georgia on June 10, 2019. *See id.* at 2; *see also Davis v. State*, 829 S.E. 2d 321 (Ga. 2019). She did not file a petition for certiorari in the United States Supreme Court. *Id.* at 3. She then filed a state habeas petition in the Superior Court of Pulaski County on September 4, 2020. *Id.*; *see also* doc. 1-1 at 1. The state habeas court denied relief on October 16, 2023. *Id.* at 4; *see also* doc. 1-1 at 13. She appealed the denial. *Id.* at 5. She states that the Supreme Court of Georgia denied relief on October 22, 2024. *Id.* at 6. Beamon asserts two grounds for relief. Ground One asserts that her trial counsel was ineffective for failing to "properly and fully impeach testifying co-defendant . . . with the sentence she was avoiding by testifying for the state and the plea bargain she received." Doc. 1 at 5. Ground Two asserts that her trial counsel was ineffective for failing to "object to testimony from the lead detective that improperly bolstered the testimony of the State's star witness," Beamon's co-defendant. *Id.* at 7. Beamon has left the form petition's question concerning timeliness blank. *See id.* at 13-14.

Beamon's Petition is untimely. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill*

3

*v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The Georgia Supreme Court affirmed Beamon's conviction, on June 10, 2019. *See Davis*, 829 S.E.2d at 321. Thus, Beamon's conviction became final ninety days after the Georgia Supreme Court affirmed it, on September 9, 2019.[1] *See* U.S. Sup. Ct. R. 13; 30(1). She filed her state petition on September 4, 2020, 361 days later. *See, e.g.,* doc. 1-1 at 1. The Georgia Supreme Court rejected Beamon's appeal of the denial of her state habeas petition on October 22, 2024. Doc. 1 at 6. Section 2244(d)'s one-year period restarted on that date. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 337 (2007) ("The Court of Appeals correctly determined that the filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2)."). Beaman's attorney filed the instant

---

[1] Ninety days from June 10, 2019 was Sunday, September 8, 2019. Thus, by operation of the United States Supreme Court Rules, the deadline was automatically extended until the following Monday, September 9, 2019. U.S. Sup. Ct. R. 30(1).

4

Petition in the Middle District on October 20, 2025, *see* doc. 1 at 15, 363 days after the Supreme Court of Georgia denied the appeal. Thus, in total, 724 days of untolled time ran between the finality of Beamon's conviction and the filing of the instant Petition.

Beamon's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Beamon's Petition does not assert any circumstance that would warrant equitable tolling. *See, e.g., Lugo v. Sec'y, Fla. Dept. of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." (internal quotation marks and citation omitted)).

Otherwise untimely § 2254 claims may also be considered, even if the petitioner is not entitled to equitable tolling, if she can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a

5

constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted)). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)). The petitioner bears the burden of showing

6

the exception applies. *See, e.g., McQuiggen*, 569 U.S. at 399. Beamon's Petition does not suggest any contention that she is "factually innocent." *See generally* doc. 1.

Since Beamon's Petition is untimely and she makes no discernable argument for equitable tolling or actual innocence, it should be **DISMISSED**. Doc. 1.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA