IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRINIKA BEAMON, | |
|     Petitioner, | CIVIL ACTION NO.: 4:25-cv-253 |
| v. | |
| WENDY JACKSON, | |
|     Respondent. | |

**O R D E R**

Before the Court is the Magistrate Judge's October 28, 2025 Report and Recommendation, (doc. 8), to which objections have been filed, (doc. 9). The Magistrate Judge recommended that Beamon's 28 U.S.C. § 2254 Petition, (doc. 1), be dismissed as untimely. (See, e.g., doc. 8, p. 3.) As the Magistrate Judge correctly recognized, the one-year statute of limitations on § 2254 petitions runs so long as no direct appeal or state collateral proceeding is pending and is not restarted by any new filing. (Id.); see also, e.g., 28 U.S.C. § 2244(d); Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003). The Magistrate Judge noted that Beamon's conviction became "final," within the meaning of § 2244(d)(1)(A), on September 9, 2019.[1] (Doc. 8, p. 4.) The Magistrate Judge then pointed out that the Petition indicates that Beamon did not file her state petition until September 4, 2020. (Id. (citing doc. 1-1, p. 1).) Thus, he calculated that 361 days of untolled time ran before Petitioner's state petition was filed, and only four days of the one-year period remained. (Id.) Petitioner's Objection does not address, and therefore does not dispute, that analysis or calculation. (See generally doc. 9.) The Magistrate Judge then recognized that

---

[1] There is no suggestion, either in the Petition or the Objection, that any other subsection of § 2244(d)(1) provides a later starting date for the running of the one-year period. See 28 U.S.C. § 2244(d)(1)(B)-(D); see also docs. 1 & 9.

the one-year period restarted when the Supreme Court of Georgia rejected Petitioner's appeal of the denial of her state petition, on October 22, 2024.  (Doc. 8, p. 4 (citing doc. 1, p. 6).)  The Magistrate Judge then concluded that the instant Petition was filed on October 20, 2025.  (Id., at pp. 4—5 (citing doc. 1, p. 15).)  He, therefore, calculated that an additional 363 days of untolled time ran.  (Id., p. 5.)

Petitioner's Objection, on its face, appears to misapprehend the law.  Petitioner's Objection recognizes that the dates the Magistrate Judge relied upon were correct.  (Doc. 9, p. 2.)  Despite raising no objection to the legal authority relied upon by the Magistrate Judge, Petitioner's Objection asserts that "state post-conviction proceedings remained pending until the Georgia Supreme Court rejected Petitioner's appeal of the denial of her state habeas petition," (doc. 9, p. 2 (emphasis added)), without acknowledging that no direct appeal or collateral proceeding was pending between September 9, 2019, and September 4, 2020, (see generally, id.)  Given the lack of any objection to the relevant facts or legal authority, and the clear validity of the Magistrate Judge's reasoning, Petitioner's contention that her Petition was timely is incorrect.  To the extent that it disputes the Magistrate Judge's determination that the instant Petition is untimely, therefore, Petitioner's Objection is **OVERRULED**.  (Doc. 9, in part.)

Perhaps recognizing, albeit implicitly, that the Magistrate Judge correctly determined that the Petition is untimely, Petitioner tries to conditionally assert her entitlement to equitable tolling of the statute of limitations.  (Doc. 9, pp. 2—3 ("Even assuming arguendo that the Court finds some period of un-tolled time, equitable tolling applies here.").  First, the assertion of entitlement to equitable tolling is not proper.  As the Magistrate Judge correctly noted, the Petition did "not assert any circumstance that would warrant equitable tolling."  (Doc. 8, p. 5; see also doc. 1, pp. 14—15.)  Although the procedural impropriety of attempts to amend pleadings in objections to a

report and recommendation by pro se parties is often excusable, given the charitable construction courts afford them, see, e.g., Newsome v. Chatham Cnty. Det. Ctr., 256 F. App'x 342, 344 (11th Cir. 2007), Beamon is represented by counsel, (doc. 1, p. 15.)  However, regardless of the procedural impropriety, it is clear that Beamon's assertion of entitlement to equitable tolling is meritless.  She asserts only that she acted diligently in pursuing available remedies.  (See doc. 9, pp. 3—4.)  Given the almost-one-year gap between the finality of her conviction and her state petition, that assertion is, at best, dubious.  However, even if the Court assumed that she was diligent, entitlement to equitable tolling depends, additionally, upon the existence of some "extraordinary circumstance" that prevented timely filing.  See, e.g., Diaz v. Sec'y for Dept. of Corrs., 362 F.3d 698, 702 (11th Cir. 2004) (noting "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence." (citation omitted) (emphasis in original)).  To the extent, then, that Petitioner objects to the Magistrate Judge's determination that she is not entitled to equitable tolling, her Objection is **OVERRULED**.  (Doc. 9, in part.)

After a careful de novo review, the Court agrees with the Magistrate Judge's recommendations.  As explained above, Petitioner's Objections are **OVERRULED**.  (Doc. 9.)  The Report and Recommendation is, therefore, **ADOPTED**.  (Doc. 8.)  Beaman's Petition is **DISMISSED** as untimely.  (Doc. 1.)  Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in*

*forma pauperis* status on appeal is likewise **DENIED**.  28 U.S.C. § 1915(a)(3).  The Clerk is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED**, this 17th day of November, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA